**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEVIN YESZIN, *et al*.,

      Plaintiffs,                       Case No. 2:11-cv-10466

v.                                    Hon. Lawrence P. Zatkoff

NEOLT S.P.A., an Italian Corporation,

      Defendant.

_____/

## ORDER FOR LIMITED DISCOVERY

This case involves injuries sustained by Plaintiffs and allegedly caused by a drafting table manufactured and designed in Italy by Defendant Neolt S.P.A., an Italian Corporation. According to Plaintiffs, the injury occurred when Plaintiffs were attempting to move the drafting table from one location in Plaintiff Yeszin's home to another. Plaintiffs allege that the table had dangerous spring-loaded support arms that released unexpectedly during the move and struck both Plaintiffs in the face. Plaintiff Yeszin suffered a total loss of vision in one eye along with other facial injuries; Plaintiff Harrison suffered injuries to his face also requiring extensive medical treatment. In their Complaint, Plaintiffs allege that Defendant negligently designed and manufactured the drafting table in question, and failed to adequately warn Plaintiffs of the danger in moving it.

In lieu of filing an answer to Plaintiffs' Complaint, Defendant filed a Motion to Dismiss [dkt 5] claiming the Court lacks personal jurisdiction over Defendant. In their Response to Defendant's Motion [dkt 7], Plaintiffs request that the Court permit limited discovery to allow Plaintiffs to investigate the nature of Defendant's contacts with the state of Michigan. In support,

Plaintiffs note that Defendant has sold drafting tables in Michigan on prior occasions, and that Defendant had a distributor located in Michigan.  Plaintiffs also provide the Court with printed versions of the websites of four different retailers (one of which is located in Michigan) that offer Defendant's products for sale in the U.S.

In its Reply brief [dkt 8], Defendant offers an affidavit from its President, who claims that Defendant has never marketed or advertised drafting tables in Michigan or anywhere else in the U.S., and that, although Defendant had at least one distributor in Michigan, Defendant had no familiarity with two of the retailers provided by Plaintiffs.[1]  Defendant also claims that six drafting tables were sold (via distributor) in Michigan in the past five years, with none sold since approximately 2008.  Neither party has alleged how the drafting table relevant to the instant case arrived in Michigan, or whether this drafting table was one of the six that Defendant claims were sold in Michigan in during the past five years.

## II. LEGAL STANDARD

It is well settled that the plaintiff bears the burden of showing that the Court has personal jurisdiction.  *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *accord Am. Greeting Corp. v. Cohn*, 839 F.2d 1164, 1168 (6th Cir. 1988); *Weller v. Commwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974).

Once a defendant has filed a properly supported motion for dismissal based on a lack of personal jurisdiction, a plaintiff "may not stand on . . . [its] pleadings, but must, by affidavit or otherwise, set forth specific facts showing that the court has [personal] jurisdiction [over

---

[1] Defendant never states whether the Michigan retailer of Neolt Products noted by Plaintiff was Defendant's Michigan Distributor.  Additionally, the parties make no claims as to whether either the retailers identified by Plaintiffs, or Defendant's Michigan Distributor, offered Defendant's entire product line, or only certain specific products (including drafting tables).

defendant]." *Theunissen*, 935 F.2d at 1458 (citing *Weller*, 504 F.2d at 930). Here, Defendant has filed a properly supported motion for dismissal, and both parties have submitted documents in support of their respective positions.

At this stage of the proceedings the Court may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions. *Id.* at 1458 (citing *Serras v. First Tenn. Bank Nat'l. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). It is within the Court's discretion to decide which method it will employ in deciding the motion, but "the method selected will affect the burden of proof the plaintiff must bear to avoid dismissal." *Id*. (citations omitted). When a deciding court permits limited discovery, the plaintiff must establish that jurisdiction exists by a preponderance of the evidence. *Serras,* 875 F.2d at 1214.

### III. ANALYSIS

Permitting discovery with respect to personal jurisdiction is "appropriate where the existing record is 'inadequate' to support personal jurisdiction and 'a party demonstrates that it can supplement its jurisdictional allegations through discovery.'" *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005) (quoting *GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351–52 (D.C. Cir. 2000)).

In support of discovery, Plaintiffs cite evidence (not disputed by Defendant) that Defendant has sold drafting tables in Michigan in the past, and has maintained a Michigan-based distributor. Plaintiffs additionally assert that Defendant maintains at least two other distributors in other states, one of which is currently doing business as "Neolt USA." Yet, the nature and extent of these contacts with Michigan are not sufficiently presented in the parties' briefs to

allow the Court to address the issue of personal jurisdiction.[2]  As such, the Court finds it

appropriate to permit limited discovery, thereby allowing the Court to better address the issue of

its personal jurisdiction over Defendant.  *See Lemkin v. Bell's Precision Grinding*, No. 2:08-CV-

789, 2009 WL 1542731, at *2 (S.D. Ohio June 2, 2009) ("Other courts have concluded that good

cause exists [to allow discovery] in cases involving challenges to personal jurisdiction."); *Bug*

*Juice Brands, Inc. v. Great Lakes Bottling Co.*, No. 1:10-cv-229, 2010 WL 1418032, at *1 (W.D.

Mich. Apr. 6, 2010) (finding that departure from the normal discovery regimen should be

limited).

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby ORDERS the parties

to conduct limited discovery for thirty days, to commence on the date of entry of this Order and

concluding on January 13, 2012.

IT IS FURTHER ORDERED that such discovery shall be limited to the issues of: (1)

Defendant's contacts with the State of Michigan; (2) the origin of the drafting table in question in

this case.

IT IS FURTHER ORDERED that, following the conclusion of such limited discovery,

the parties shall submit to the Court supplemental briefing as follows:

    A.  Plaintiff shall submit a brief of no more than 10 pages and addressing the question of

        whether the Court may exercise personal jurisdiction over Defendants; Plaintiff's

        brief must be submitted on or before 9 a.m. on Wednesday, January 18, 2011;

---

[2] For instance, neither party discusses how the relevant drafting table arrived in the state of Michigan, or whether it was one of the six drafting tables that alleged to have been sold in Michigan in the past five years.

5

B. Defendant may submit a reply brief, of no more than 10 pages, responding to

Plaintiffs' brief on or before 9 a.m. on Monday, January 23, 2011.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff

Date:   December 14, 2011                LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE