UNITED STATES OF AMERICA
IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF
MICHIGAN, SOUTHERN DIVISION

KEVIN YESZIN and
PAUL HARRISON

      Plaintiffs,

v.

NEOLT, S.P.A., an Italian corporation,

      Defendant.

Case No. 2:11-cv-10466-LPZ -RSW
Hon. Lawrence P. Zatkoff
Magistrate R. Steven Whalen

_____/

SEIKALY & STEWART, P.C.
JEFFREY T. STEWART (P24138)
BENJAMIN J. WILENSKY (P75302)
30300 Northwestern Hwy., Ste. 200
Farmington Hills, Michigan 48334
(248) 785-0102
bjw@sslawpc.com

GIARMARCO, MULLINS & HORTON, PC
LARRY W. BENNETT (P26294)
Tenth Floor Columbia Center
101 W. Big Beaver Rd.
Troy, Michigan 48084
(248) 457-7037
lbennett@gmhlaw.com
_____/

**PLAINTIFFS' MOTION FOR THE COURT TO ORDER
THE CLERK OF THE COURT TO ENTER A DEFAULT
AS TO DEFENDANT NEOLT, S.P.A.**

NOW COME the Plaintiffs, KEVIN YESZIN and PAUL HARRISON, by and through their respective counsel, SEIKALY & STEWART, P.C. and GIARMARCO, MULLINS & HORTON, P.C., and hereby request that, pursuant to Fed. R. Civ. P. 77(c)(2), the Court alter the Clerk of the Court's Notice of Denial of Request for Clerk's Entry of Default [Dkt. no. 66], by Ordering the Clerk of the

1

Court to enter a default as to Defendant NEOLT, S.P.A. pursuant to Fed. R. Civ. P. 55(a).  In support thereof, Plaintiffs state as follows:

1. On February 4, 2011, Plaintiffs filed their Complaint in the instant matter.

2. In paragraph 2 of Defendant's Answer to Complaint, filed on August 17, 2012, Defendant admitted that "it is an Italian corporation[.]"  [Dkt. no. 40].

3. On July 11, 2013, Defendant's prior counsel filed a Motion to Withdraw as Counsel for Defendant NEOLT, S.P.A. and Motion to Temporarily Stay All Deadlines.  [Dkt. no. 61].

4. On August 15, 2013, the Court granted the Motion to Withdraw and adjourned the Scheduling Order dates in this matter.  [Dkt. no. 64].  In that Order, the Court Ordered that all proceedings in this matter were to be stayed for 30 days "to permit defendant to obtain new counsel, if it chooses to do so; thereafter, the case shall proceed whether or not new counsel has appeared[.]"  Accordingly, the stay Ordered by the Court expired on September 14, 2013.

5. Subsequent to former counsel's withdrawal, no attorney has entered an appearance on behalf of Defendant, and Defendant remains unrepresented in this matter.

6. Under Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend,

and that failure is shown by affidavit or otherwise, the clerk <u>must</u> enter the party's default." (Emphasis supplied.)

7. Accordingly, on September 17, 2013, Plaintiffs filed their Request for Clerk's Entry of Default Against Defendant NEOLT, S.P.A. [Dkt. no. 65], supported by the affidavit of Benjamin J. Wilensky, Esq., as required by Fed R. Civ. P. 55(a).

8. On September 18, 2013, the Clerk of the Court denied that Request, because "[t]he Judge's order of 8/15/13 does not require that plaintiff obtain counsel in order for the case to proceed."

9. Plaintiffs most respectfully submit that the Clerk's interpretation of the Court's August 15 Order is incorrect, because it presupposes a legal impossibility: that this case *can* proceed without Defendant obtaining counsel. Applicable case law instructs that it *cannot*.

10. It is axiomatic that a corporation may not appear in federal court except through an attorney. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). A corporation's failure to be represented by counsel in federal litigation constitutes a default. *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 310 F.3d 537, 541 (7th Cir. 2002) (noting that withdrawal of corporation's counsel from litigation "would leave the … parties unrepresented, leading to default

3

judgments against the three corporations (which can appear *only* by counsel)." (emphasis in original)); *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) (noting that a corporation was "technically in default" upon withdrawal of its counsel, and upholding entry of default judgment). Indeed, district courts have ordered the entry of default against corporations after the expiration of a stay designed to allow time to retain successor counsel. *See*, *e.g.*, *Becker v. Rotary Air Force Marketing, Inc.*, 2008 WL 408424, *1 (E.D. Mich. 2008) (Ludington, J.) (affirming Magistrate Judge Binder's recommendation of entry of default against a corporate defendant which, after withdrawal of counsel, remained unrepresented following a 45-day stay to obtain successor counsel) (attached as Exhibit 1); *Board of Trustees of the Plumbers, Pipefitters & Mechanical Equipment Service, Local Union No. 392 Pension Fund v. Kenneth R. Rogers Plumbing & Heating Co.*, 2011 WL 4467640, *6-7 (S.D. Ohio 2011) (Magistrate's Report & Recommendation to enter default against corporate defendant which failed to retain counsel after expiration of a stay following withdrawal of counsel) (Exhibit 2), *report and recommendation adopted at* 2011 WL 4460479, *1 (S.D. Ohio 2011) (Exhibit 3). Accordingly, Defendant is prohibited by law from appearing in this Court without counsel authorized to practice law in this Court, and is therefore in default.

11. It has now been 71 days since the Court originally stayed this case, and 41 days beyond the period the Court allocated for Defendant to obtain new counsel. Defendant has still not done so, and has not given any indication of its intention to defend this suit further – and indeed, until it hires new counsel, it cannot. Plaintiffs have served additional written discovery on Defendants; while the time for responses has not yet passed, Defendant has given no indication whatsoever that it plans to respond. Furthermore, there will be no new discovery, as the discovery period closed on October 20.

12. Furthermore, Plaintiff Yeszin's Motion to Compel Testimony Regarding Identity of Defendant's Customer [Dkt. no 59] (which Defendant failed to respond to or otherwise defend against) remains pending, although the Court indicated during the hearing on August 1, 2013 that it would grant that that motion.[1] (The Court withdrew the reference of that motion to Magistrate Judge Whalen that same day.) That motion seeks to compel essential, discoverable evidence that Defendant has steadfastly refused to produce, in spite of surely being notified by its departed counsel that the Court would require production.

13. Yet, the Clerk's refusal to enter a default as to Defendant leaves Plaintiffs in a difficult position. Discovery closed in this matter on October 20

---

[1] Plaintiff Yeszin's counsel submitted a proposed order through the ECF order process on August 5, 2013; however, that proposed order has not been entered.

5

without Plaintiffs obtaining the discovery sought in the Motion to Compel. Further, Plaintiffs cannot move for an entry of default judgment because of the Clerk's refusal to enter the prerequisite default against the Defendant, even when that entry was warrented.

13. Pursuant to Fed. R. Civ. P. 77(c), the Court has the power to "suspend, alter, or rescind the clerk's action for good cause," including the Clerk's refusal to enter a default.

14. Good cause exists for the Court to exercise that power. As the Court stated in the hearing on August 1, this is a serious case and Plaintiffs have serious injuries. In light of the acknowledged severity of the injuries, and the potential financial instability of Defendant alluded to by former defense counsel, it is Plaintiffs' desire to promptly pursue relief against Defendant. Plaintiffs respectfully submit that, in light of the fact that Defendant cannot proceed without representation by counsel, its continuing failure to obtain new counsel constitutes a default.

WHEREFORE, for all the foregoing reasons, Plaintiffs respectfully that this Court Order the Clerk of the Court to enter a default as to Defendant NEOLT, S.p.A. pursuant to Fed. R. Civ. P. 55(a).

Respectfully submitted,

| | |
|---|---|
| SEIKALY & STEWART, P.C.<br>Attorneys for Plaintiff Yeszin | GIARMARCO, MULLINS & HORTON, PC<br>Attorneys for Plaintiff Harrison |
| By: /s/ Benjamin J. Wilensky<br>JEFFREY T. STEWART (P24138)<br>BENJAMIN J. WILENSKY (P75302)<br>30300 Northwestern Hwy., Ste. 200<br>Farmington Hills, Michigan 48334<br>(248) 785-0102<br>bjw@sslawpc.com | By: /s/ Larry W. Bennett<br>LARRY W. BENNETT (P26294)<br>Tenth Floor Columbia Center<br>101 W. Big Beaver Rd.<br>Troy, Michigan 48334<br>(248) 457-7037<br>lbennett@gmhlaw.com |

Dated: October 25, 2013

UNITED STATES OF AMERICA
IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF
MICHIGAN, SOUTHERN DIVISION

KEVIN YESZIN and
PAUL HARRISON

      Plaintiffs,

v.

NEOLT, S.P.A., an Italian corporation,

      Defendant.

Case No. 2:11-cv-10466-LPZ -RSW
Hon. Lawrence P. Zatkoff
Magistrate R. Steven Whalen

_____/

SEIKALY & STEWART, P.C.
JEFFREY T. STEWART (P24138)
BENJAMIN J. WILENSKY (P75302)
30300 Northwestern Hwy., Ste. 200
Farmington Hills, Michigan 48334
(248) 785-0102
bjw@sslawpc.com

GIARMARCO, MULLINS & HORTON, PC
LARRY W. BENNETT (P26294)
Tenth Floor Columbia Center
101 W. Big Beaver Rd.
Troy, Michigan 48084
(248) 457-7037
lbennett@gmhlaw.com

_____/

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR THE COURT TO ORDER THE CLERK OF THE COURT TO ENTER A DEFAULT AS TO DEFENDANT NEOLT, S.P.A.

      The facts in support of the motion and the reasons why it should be granted are set forth in the Motion itself. For their legal authority, Plaintiffs rely on Fed. R. Civ. P. 77(c)(2), Fed. R. Civ. P. 55(a), and the other cases and authorities cited in the Motion itself.

8

Respectfully submitted,

| | |
|---|---|
| SEIKALY & STEWART, P.C. | GIARMARCO, MULLINS & HORTON, PC |
| Attorneys for Plaintiff Yeszin | Attorneys for Plaintiff Harrison |
| | |
| By: /s/ Benjamin J. Wilensky | By: /s/ Larry W. Bennett |
| JEFFREY T. STEWART (P24138) | LARRY W. BENNETT (P26294) |
| BENJAMIN J. WILENSKY (P75302) | Tenth Floor Columbia Center |
| 30300 Northwestern Hwy., Ste. 200 | 101 W. Big Beaver Rd. |
| Farmington Hills, Michigan 48334 | Troy, Michigan 48334 |
| (248) 785-0102 | (248) 457-7037 |
| bjw@sslawpc.com | lbennett@gmhlaw.com |

Dated: October 25, 2013

UNITED STATES OF AMERICA
IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF
MICHIGAN, SOUTHERN DIVISION

| | |
|---|---|
| KEVIN YESZIN and<br>PAUL HARRISON<br><br>      Plaintiffs,<br><br>v.<br><br>NEOLT, S.P.A., an Italian corporation,<br><br>      Defendant. | Case No.  2:11-cv-10466-LPZ -RSW<br>Hon. Lawrence P. Zatkoff<br>Magistrate R. Steven Whalen |

_____/

| | |
|---|---|
| SEIKALY & STEWART, P.C.<br>JEFFREY T. STEWART (P24138)<br>BENJAMIN J. WILENSKY (P75302)<br>30300 Northwestern Hwy., Ste. 200<br>Farmington Hills, Michigan 48334<br>(248) 785-0102<br>bjw@sslawpc.com | GIARMARCO, MULLINS & HORTON, PC<br>LARRY W. BENNETT (P26294)<br>Tenth Floor Columbia Center<br>101 W. Big Beaver Rd.<br>Troy, Michigan 48084<br>(248) 457-7037<br>lbennett@gmhlaw.com |

_____/

**CERTIFICATE OF SERVICE**

      Benjamin J. Wilensky hereby certifies that on October 25, 2013, he served the foregoing document on the following persons by e-mail and international postal mail, as required by the Order of the Court dated August 15, 2013 [Dkt. no. 64]:

| | |
|---|---|
| Federica Pontiggia, President<br>NEOLT, S.p.A.<br>Via G. Galilei, 8, 24036<br>Ponte San Pietro-Bergamo, Italy<br>fpontiggia@neolt.it | Antonio Granelli<br>Via Gian Maria Scotti, 11,<br>24122-Bergamo<br>a.granelli@gaavvocati.it |

                                                    /s/ Benjamin J. Wilensky (P75302)