**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEVIN YESZIN and
PAUL HARRISON

      Plaintiffs,

                                  Case No. 11-10466
v.                                  Hon. Lawrence P. Zatkoff

NEOLT, S.P.A., an Italian corporation,

      Defendant.

                                 /

## ORDER OF JUDGMENT AGAINST DEFENDANT NEOLT, S.P.A.

This matter is before the Court on Plaintiffs' Motion for Default Judgment [dkt 74]. The Court, being otherwise fully advised on the premises, finds that:

1. The Court entered an Order for Defendant to Respond on November 8, 2013 [dkt 68]. The Certificate of Service is on file with the Court [dkt 69].

2. Defendant did not respond or take any other action to defend itself within 21 days of the service of process.

3. Defendant is not an infant or incompetent person.

4. A Clerk's Entry of Default was entered against Defendant on December 11, 2013.

5. Plaintiff Kevin Yeszin, through his attorney Benjamin J. Wilensky, filed with the Court an Affidavit, seeking judgment in the amount of $2,000,000.00.

6. Plaintiff Paul Harrison, through his attorney Larry W. Bennett, filed with the Court an Affidavit, seeking judgment in the amount of $950,000.00.

7. Plaintiffs have provided the Court with sufficient evidence of the injuries sustained and the amount of damages corresponds to such injuries.

8. Plaintiffs' injuries resulted in the permanent loss of a vital bodily function.[1]

9. Defendant had actual knowledge that its product was defective and that there was a substantial likelihood that the defect would cause injury.[2]

As such, the Michigan statutory limitation on noneconomic damages in products liability actions does not apply. *See* MICH. COMP. LAWS § 600.2946a(3); *Rodriguez v. ASE Industries, Inc.*, 275 Mich. App. 8, 11 (2007)("The limitation on damages . . . does not apply to a defendant . . . if the court finds that . . . the defendant had actual knowledge that the product was defective and that there was a substantial likelihood that the defect would cause injury.").

Accordingly, IT IS HEREBY ORDERED THAT judgment shall be entered against Defendant in the amount of $2,001,662.00 for Plaintiff Kevin Yeszin and $950,000.00 for Plaintiff Paul Harrison.

IT IS SO ORDERED.

> s/Lawrence P. Zatkoff
> HON. LAWRENCE P. ZATKOFF
> U.S. DISTRICT COURT
>
> Dated:  February 26, 2014

---

[1] Plaintiff Yeszin suffered a ruptured right eye globe, a ruptured eyelid, several orbital fractures and several other injuries as a result of Defendant's defective product.  Plaintiff Yeszin has undergone numerous surgeries as a result of his injuries, yet surgeons have informed Plaintiff Yeszin that it is extremely unlikely that he will ever have any useful vision in his right eye again.  Plaintiff Harrison suffered an orbital fracture, a nasal fracture, and multiple lacerations as a result of Defendant's defective product.  The blow from Defendant's defective table also significantly exacerbated a pre-existing seizure disorder Plaintiff Harrison had, resulting in daytime seizures and forcing Plaintiff Harrison to take additional seizure medication.

[2] Plaintiffs provide compelling evidence that Defendant admitted it received a request from a different customer to provide additional safety features intended to prevent the sort of accident from occurring that resulted in Plaintiffs' injuries. Although the Court issued an order compelling Defendant to disclose the identity of this customer, Defendant never complied.

2